# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LYONS,** | : | Civil No. 1:12-CV-1357 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:

In this action, Eric Lyons, an inmate housed at the State Correctional Institution at Dallas has brought claims under 42 U.S.C. § 1983 against a number of corrections officials and employees, alleging that these defendants violated his rights to due process and equal protection under the law by depriving him of certain property and requiring that he remain in segregated housing without justification. Lyons also claims that some of the defendants have retaliated against him for his exercise of protected First Amendment activity, namely the filing of grievances with prison officials to remedy what Lyons perceived as ongoing and persistent violations of his rights. (Doc. 19, Am. Compl.)

On February 20, 2013, the plaintiff filed a motion styled as a motion for a preliminary injunction. (Doc. 24.) In this motion, which was not accompanied by a supporting brief, Lyons invites the court to issue orders compelling prison officials and staff to furnish him with a certain number of sheets of bond paper and carbon paper that he claims are necessary for him to litigate effectively multiple lawsuits that he is currently prosecuting, including the instant action. (Doc. 24.) The plaintiff also claims that he has filed a grievance relating to this latest complaint against prison officials, but that as of February 7, 2013, he had not been provided with a response.[1] (Id.) Although the plaintiff candidly doubts the authority of this court to order state prison officials to furnish this particular inmate with a certain number of sheets of bond and carbon paper every month, (id.), he nonetheless invites the court to consider issuing such orders anyway on the grounds that by not providing the plaintiff with 100 sheets of paper, and carbon paper, every month, the prison officials at SCI-Dallas are violating the plaintiff's right of access to the courts, as recognized and explained by the United States Supreme Court in Bounds v. Smith, 430 U.S. 817 (1977).[2]

---

[1] In a reply brief filed in further support of the motion, the plaintiff indicates that his grievance was denied upon initial consideration, and now remains at the "appellate stage". (Doc. 35, at 8.)

[2] Notably, the motion for a preliminary injunction is 11 pages in length. After the plaintiff filed this motion in February, he filed a 13-page motion to stay this litigation on April 11, 2013. (Doc. 33.)

Meanwhile, it was not until March 7, 2013, that the defendants waived service (Doc. 28.), and on April 5, 2013, the defendants moved to dismiss the amended complaint. (Doc. 32.)

Less than a week later, the plaintiff moved to stay this litigation on the grounds that "recent developments have occurred in the case" that necessitated such relief, specifically, the plaintiff's alleged ongoing deprivation of stationery, photocopies, and postage. (Doc. 33.) The plaintiff's claims in this regard are actually somewhat more complicated than would first appear, however, as he focuses his argument on a recent and discrete dispute that he allegedly has had with prison officials regarding his entitlement to receive "general labor pool" pay, and a grievance that he filed charging prison officials with "loansharking", all of which the plaintiff claims relate in some way to his alleged ongoing lack of sufficient quantities of paper products necessary to file legal documents and otherwise prosecute his lawsuits.

The factual basis for these most recent allegations of misconduct on the part of prison officials is somewhat unclear, and it is further unclear whether the plaintiff's grievances regarding these charges have been processed and, if so, what resulted from these administrative proceedings. It is clear, however, that these most recent allegations concern matters that are separate and distinct from the plaintiff's

substantive claims at issue in this lawsuit, regardless of his efforts to conjoin the issues in the motion to stay and the motion for preliminary injunctive relief.[3]

While these motions were pending, the defendants filed a separate motion to stay the litigation, until the plaintiff's own stay motion had been ruled upon, and to stay the defendants' obligation to file a brief in support of their motion to dismiss until sometime after these earlier motions were adjudicated. (Doc. 36.) Shortly thereafter, the defendants filed a brief opposing the plaintiff's motion to stay the litigation, but only in order to oppose the plaintiff's claimed basis for seeking a stay – otherwise, the defendants did not oppose the issuance of a stay. (Doc. 38.) In their brief the defendants' counsel affirmatively represents that the plaintiff has, in fact, been provided with "appropriate resources" and that he has "consistently received his monthly allotment of paper permitted by Department policy," which is represented to be 50 sheets of clean paper and five sheets of carbon paper per month. (Doc. 38, at 3-4.)

Finally, on April 24, 2013, the plaintiff filed a letter with the court retracting his earlier allegations that he was being denied postage, conceding that he had been in error on that claim, and asserting that the motions to stay the litigation should be

---

[3] Indeed, in another brief, the plaintiff candidly observed "[t]hat is another issue altogether." (Doc. 35, at 6.)

denied. (Doc. 39.) In the letter, the plaintiff further maintains that although the defendants continue to interfere with his rights, their motion to stay the litigation should be construed as a baseless attempt to prolong the litigation and to place the plaintiff at a disadvantage. (Id.) The plaintiff also contends that the court "should dispose of the matters presently on the docket so that [the plaintiff] may proceed with litigating on the claims of the existing complaint. If the court determines that the actions of defendants' denial of stationary [sic] and other materials is done to bring about or force [the plaintiff's] filing to stay proceedings then no stay should be granted from either party." (Id.)

In fact, this is the course we will now follow. The defendants have represented, without qualification, that the plaintiff is being furnished with the paper, carbon paper, writing instruments and materials to which he is entitled under Department of Corrections policies, and which are needed to file documents in this case. The defendants have also represented that if an inmate finds that these provisions are insufficient, indigent inmates are permitted to request additional materials. On the basis of these representations of counsel, stating unequivocally that the plaintiff is being provided with paper, carbons, writing instruments and related materials;[4] in

---

[4] Although we do not order the defendants to take any specific steps with respect to providing the plaintiff with writing materials, we do underscore for the defendants that our conclusion in the instant order is informed, in part, by the

5

light of the fact that the plaintiff continues to file documents with the court of some length, thus belying his contention that he is bereft of paper, postage, and envelopes; and in consideration of the plaintiff's own suggestion that the motions to stay should be denied and the litigation permitted to proceed, we find in the exercise of our discretion that no stay should issue in this matter.[5]

Accordingly, upon due consideration, and for the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for a stay of litigation (Doc. 33.) is DENIED.

2. The defendants' motion for a stay of litigation (Doc. 36.) is DENIED.

3. The defendants shall file a brief in support of their pending motion to dismiss by **Friday, May 3, 2013**.

---

representation of defendants' counsel that the plaintiff is – and at all times has been – receiving his permitted allotment of writing materials in accordance with Department of Corrections policies, which are sufficient to file documents with the court. It is expected that this will continue, and that the parties may refocus their attention on the actual claims at issue in this action, rather than on secondary disputes over whether the plaintiff has been furnished with the paper, postage, and other material necessary to file documents with the court in this litigation.

[5] Federal courts enjoy discretion as to how to best manage litigation pending before them, including to issue stays when circumstances warrant. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

4. The plaintiff shall file a brief in response to the motion to dismiss on or before **Friday, May 17, 2013**.

5. The defendants shall be permitted to file a reply brief in further support of the motion to dismiss on or before **Friday, May 31, 2013**.

The pending motion for preliminary injunctive relief (Doc. 24.) shall be addressed in a report and recommendation that will be issued separately.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge