# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LYONS,** | : | Civil No. 1:12-CV-1357 |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| **JOHN WETZEL, et al.,** | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

In this action, Eric Lyons, an inmate housed at the State Correctional Institution at Dallas has brought claims under 42 U.S.C. § 1983 against a number of corrections officials and employees, alleging that these defendants violated his rights to due process and equal protection under the law by depriving him of certain property and requiring that he remain in segregated housing without justification. Lyons also claims that some of the defendants have retaliated against him for his exercise of protected First Amendment activity, namely the filing of grievances with prison officials to remedy what Lyons perceived as ongoing and persistent violations of his rights. (Doc. 19, Am. Compl.)

On June 13, 2013, Lyons filed a motion to either amend his complaint, or dismiss this action entirely without prejudice so that Lyons could fashion a new complaint. (Doc. 45.) Consistent with the plain language of this pleading, we liberally construe this document as a motion pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure seeking to voluntarily dismiss this complaint. The defendants have not opposed this motion, and Lyons has now requested that we act upon his request. (Doc. 51.)

For the reasons set forth below, we believe that the plaintiff is entitled to request that his own case be dismissed. Therefore, it is recommended that the motion to dismiss be granted.

**II. Discussion**

Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure provides as follows

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

. . . .

**(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

F.R.Civ. P., Rule 41(a)(1).

In this case it appears that no answer or summary judgment motion has been filed. Therefore, Lyons should be permitted under Rule 41 to dismiss this case .

### III. <u>Recommendation</u>

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motions to dismiss (Docs. 45 and 51.), be GRANTED, the plaintiff's complaint be DISMISSED without prejudice and the case CLOSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of August 2013.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge